Filed 5/23/25  P. v. Baker CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY LUMUNDI BAKER,<br><br>    Defendant and Appellant. | D084414<br><br><br>(Super. Ct. No. SCE421524) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed in part and remanded with instructions, and otherwise affirmed.

Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

After being held in presentence home detention, Gary Lumundi Baker pled guilty to committing a hit and run resulting in death (Veh. Code,

§ 20001, subd. (b)(2); count 1), unlawfully driving another's vehicle without consent (§ 10851(a); count 2), receiving stolen property (Pen. Code, § 496d; count 3), and dissuading a witness from testifying (§ 136.1(a)(1); count 4). The court sentenced him to a total term of five years and four months in prison and awarded 125 days of jailtime credit. When Baker's counsel asked about presentence home detention custody credits, the trial court responded it would give Baker the credits requested by probation.

On appeal, Baker contends he is entitled to both custody and conduct credits for his presentence home detention. The People concede as much. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession, reverse in part, and remand with instructions. In all other respects, we affirm.

We review questions of legal principles de novo. (*Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386, 390-391.)

Section 2900.5, subdivision (a) of the Penal Code states in relevant part: "[W]hen the defendant has been in custody . . . all days of custody of the defendant . . . credited to the period of confinement pursuant to Section 4019, and days served in home detention pursuant to Section . . . 1203.018, shall be credited upon his or her term of imprisonment."

Section 4019 allows individuals to earn conduct credits—specifically work performance and good behavior credits—under various circumstances. *People v. Yanez* (2019) 42 Cal.App.5th 91, 93, concluded section 4019 applies to individuals held in presentence home detention.

A defendant ordered to remain home for a specified period and comply with statutory requirements is in home detention. (§ 1203.018(d).) A defendant need not satisfy all the statutory requirements to be awarded credits for home detention, however, so long as the terms of the defendant's

release are "as 'custodial'" as the statutory home detention program. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1089-1090.)

In *Gerson*, the court found the defendant satisfied the custodial nature requirements of section 1203.018 even if he did not meet all the technical statutory requirements because, despite having a few privileges, the defendant had a curfew, wore a GPS monitoring device, signed a Fourth Amendment waiver, was subject to regular drug testing, and had to abstain from alcohol. (*Gerson*, 80 Cal.App.5th at p. 1087, fn. 17.) Similarly, while not satisfying all section 1203.018's technical requirements, Baker could only leave his home to go to work or medical appointments, could not drive, was subject to electronic monitoring and continuous alcohol monitoring, and could not come within 100 yards of anyone involved with his case. Failure to comply with these requirements would result in a warrant for his arrest. As the People concede, Baker thus satisfies the custodial nature requirements of section 1203.018. Accordingly, Baker is entitled to custody credits during his presentence home detention.

As the People also concede, the trial court should determine if Baker earned any section 4019 conduct credits during his presentence home detention. (See *Yanez*, 42 Cal.App.5th at p. 94.)

## DISPOSITION

We reverse in part and remand to the trial court to (1) calculate Baker's section 2900.5 custody credits earned during his presentence home detention and (2) determine Baker's eligibility for section 4019 conduct credits and, if so, calculate Baker's conduct credits earned during his presentence home detention. The court shall forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation. In all other respects, we affirm the judgment.

CASTILLO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

DO, J.